UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CIVIL ACTION NO. 5:24-cv-00456

RYAN BAILEY
and RKB, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Ryan Bailey's Motion to Set Aside Entry of Default by Clerk [ECF 15], filed November 15, 2024, and Defendant RKB, Inc.'s ("RKB") Motion to Set Aside Entry of Default Pursuant to Rule 60 of the West Virginia Rules of Civil Procedure [ECF 17], filed November 26, 2024. Plaintiff United States of America ("Plaintiff") responded in opposition to the motions [ECF 18] on November 27, 2024.

Also pending is Defendants' Motion for Stay [ECF 16], filed November 22, 2024, to which Plaintiff responded [ECF 19] on November 27, 2024. The matter is ready for adjudication.

I.

On October 4, 2024, Plaintiff moved the Clerk for entry of default, contending Defendants failed to appear, plead, or otherwise respond after accepting service of process on September 11, 2024. [ECF 9]. The Clerk entered default on October 16, 2024. [ECF 10].

Defendants now move to set aside default inasmuch as they had discontinuity of

counsel during the applicable period. [ECF 15, 17]. Mr. Bailey is charged in a related criminal action and did not obtain appointed counsel until eight days after entry of default. [ECF 10, 13]. The Honorable Omar J. Aboulhosn, United States Magistrate Judge, appointed counsel for Mr. Bailey. [ECF 13, 20]. He concluded "the ancillary civil matter is so intertwined with the criminal matter that representation by appointed counsel in the civil matter is reasonably necessary . . . ." [ECF 13 at 3–4]. RKB submits that Mr. Bailey is the sole shareholder of the corporation; thus, he "had no legal representation to advise him of the legal ramifications related to Codefendant RKB . . ." [ECF 17 at ¶ 4]. Accordingly, Defendants assert that good cause exists to set aside default.

Plaintiff responded Defendants failed, as required by binding precedent, to "proffer any meritorious defenses to the claims asserted." [ECF 18 at 5]. Plaintiff also alleges the discontinuity of counsel provides no excuse to RKB inasmuch as it was neither charged nor seeking counsel in the criminal proceeding. [*Id.* at 6].

## II.

### *A. Motion to Set Aside Default*

Pursuant to *Federal Rule of Civil Procedure* 55(c), "[t]he court may set aside entry of default for good cause." The inquiry hinges upon "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 131 (4th Cir. 2020); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Moreover, our Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*

*Preparatory Acad., Inc.*, 616 F.3d at 417.

It is true no meritorious defense is asserted. But Defendants tick the other applicable boxes. They (1) acted with reasonable promptness, (2) do not appear to bear any responsibility for the entry of default, and (3) lack a history of dilatoriness. These considerations, along with (1) the strong preference for a merits adjudication, (2) the relatedness of the criminal and at least one of the civil proceedings, and (3) the lack of any prejudice to the Plaintiff all counsel in favor of a set aside.

The Court, accordingly, **GRANTS** the Motions [**ECF 15, 17**] and **SETS ASIDE** the entry of default against Defendants Ryan Bailey and RKB, Inc. [**ECF 10**].

**B. *Motion for Stay***

Defendants further seek a stay pending resolution of the criminal action. [ECF 16]. Plaintiff does not object [ECF 19]. The interests of justice support the request. The Court **GRANTS** the Motion [**ECF 16**] and **ORDERS** this action **STAYED AND RETIRED TO THE INACTIVE DOCKET** pending resolution of *United States of America v. Ryan Keith Bailey*, Criminal Action No. 5:24-cr-00106.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER:       January 22, 2025

Frank W. Volk
Chief United States District Judge